William A. BILLS et al., Plaintiffs,

v.

SHAW, HOOKER & CO. et al.,
Defendants.

No. C–75–0350–CBR.

United States District Court,
N. D. California.

July 17, 1975.

Robert S. Epstein, Williams, Van Hoesen & Brigham, San Francisco, Cal., for plaintiffs.

Arthur J. Lempert, Layman & Lempert, San Francisco, Cal., for defendant Shaw, Hooker & Co.

Jay R. Martin, Philip Borowsky, Cartwright, Saroyan, Martin & Sucherman, Inc., San Francisco, Cal., for defendant Davis Skaggs & Co., Inc.

Howard S. Burnside, Robert C. Rand, Richard S. Stone, Palo Alto, Cal., for defendant Robert L. Haisman.

Robert B. Hutchinson, Cotchett, Hutchinson & Dyer, San Mateo, Cal., for defendant L. Zachory Taylor.

ORDER GRANTING MOTION TO DISMISS

RENFREW, District Judge.

On February 20, 1975, nineteen plaintiffs filed this action, naming as defendants Shaw, Hooker & Co., and Davis Skaggs & Co., both registered broker-dealers with the Securities and Exchange Commission, and two individuals who are or were registered representatives with Shaw, Hooker & Co. The complaint, as amended, is predicated upon alleged violations of certain provisions of the Securities and Exchange Act of 1934, 15 U.S.C. § 78a et seq. (hereinafter "1934 Act"), certain rules and regulations promulgated thereunder, and certain provisions of California law in connection with a series of transactions in plaintiffs' accounts with defendant Shaw, Hooker & Co.

In its present motion, defendant Shaw, Hooker & Co. seeks to have the action dismissed as to twelve of the plaintiffs for lack of federal jurisdiction over the subject matter of their claims. The "claims" which are the subject of this motion are contained in count six of the complaint, as amended. In that count plaintiffs allege that by reason of the purported violations, "they do not owe any sum of money to defendant Shaw, Hooker", and they seek declaratory relief to that effect. With respect to the twelve plaintiffs involved in this motion, it is agreed that they have suffered no damages flowing from the alleged violations. Nonetheless there plaintiffs contend that their claims for declaratory relief, as set forth above, are within the exclusive jurisdiction of this Court by virtue of section 27 of the 1934 Act, 15 U.S.C. § 78aa.[1] For the reasons set forth below, the Court disagrees with the plaintiffs' contention, and therefore grants the motion to dismiss.

At the outset it is important to identify precisely the nature of the claims contained in Count Six. These are not claims for rescission of the transactions complained of; any ambiguity on this score was eliminated at oral argument by a statement to this effect in response to a direct question from the Court. Nor can these claims be viewed as actions to enforce any rights provided under Section 29(b) of the 1934 Act, 15 U.S.C. § 78cc(b).[2] Of that section the

1. Section 27 of the 1934 Act provides in pertinent part:
"The district courts of the United States, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder." 15 U.S.C. § 78aa.

2. Section 29(b) of the 1934 Act provides in pertinent part:

"(b) Every contract made in violation of any provision of this chapter or of any rule or regulation thereunder, and every contract (including any contract for listing a security on an exchange) heretofore or hereafter made, the performance of which involves the violation of, or the continuance of any relationship or practice in violation of, any provision of this chapter or any rule or regulation thereunder, shall be void (1) as regards have made or engaged in the performance of the rights of any person who, in violation of any such provision, rule, or regulation, shall any such contract, and (2) as regards the

Court of Appeals for this Circuit has stated that "[a]lthough section 29(b) declares such illegal contracts void as regards the rights of any violator, it does not make such contracts void as regards the rights of the innocent party to the contract. [citation omitted] The defrauded party has to bring a suit to rescind * * *." *Royal Air Properties, Inc.* v. *Smith*, 312 F.2d 210, 213 (9th Cir. 1962). See also *Mills* v. *Electric Auto-Lite*, 396 U.S. 375, 387–388, 90 S. Ct. 616, 24 L.Ed.2d 593 (1970). As noted above, plaintiffs have not brought such a suit. The claims in Count Six are, rather, claims for a declaration that plaintiffs have a defense to any suit, pending or predicted, brought in state court to enforce asserted contractual obligations arising out of the challenged transactions.

■■■ It is of course, a fundamental and well-settled principle of federal jurisdiction that an anticipated defense, predicated on federal law, will not support original jurisdiction in the federal courts over a plaintiff's claim. See, e. g., *Skelly Oil Co.* v. *Phillips Co.*, 339 U. S. 667, 672, 70 S.Ct. 876, 94 L.Ed. 1194 (1950), and cases cited therein. Although the cases which established this principle involved the general federal question jurisdictional statute, presently 28 U.S.C. § 1331, the language of Section 27 of the 1934 Act strongly supports a similar interpretation of that statute.[3] Indeed, plaintiffs do not contend that the Court would have jurisdiction over a state contract claim on the basis of an anticipated defense based on the 1934 Act. Instead, in essence, they argue that a different result should obtain when a putative defendant to such a suit seeks a judicial declaration that he is not liable on the contract. This argument, however, was eloquently laid to rest by the United States Supreme Court in *Skelly Oil Co.* v. *Phillips Co. supra,* 339 U.S. at 673–674, 70 S.Ct. at 880:[4]

rights of any person who, not being a party to such contract, shall have acquired any right thereunder with actual knowledge of the facts by reason of which the making or tion of any such provision, rule, or regula- performance of such contract was in violation * * *." 15 U.S.C. § 78cc(b).

3. Although independent research has not revealed any case which specifically holds that Section 27 of the 1934 Act does not confer jurisdiction over state law claims to which a defense is made on the basis of the Act, the Court finds that the language "suits in equity and actions at law *brought to enforce* any liability or duty created by this chapter * * *" (emphasis supplied) does not encompass such claims. See Loss, *Securities Regulation*, Vol. III at p. 2008. Indeed, a contrary interpretation of Section 27, by virtue of the exclusivity provision, would divest the state courts of jurisdiction over a potentially large number of state claims—a most undesirable result and one which the Court cannot believe was the desire of Congress in enacting Section 27. Further, nothing in *Vernitron Corporation* v. *Benjamin*, 317 F. Supp. 185 (S.D.N.Y.1970), cited by plaintiffs, is inconsistent with the Court's interpretation of Section 27. There plaintiff brought suit in federal court for rescission and damages on the basis of the 1934 Act and asked the Court to enjoin a pending state action on the ground that plaintiff could not present its federal claims in the state suit and that it might be collaterally estopped in the federal suit on the basis of critical factual determinations made in the state suit. The court granted the injunction, observing that plaintiff was correct in its argument that it could not present its federal claims (which were for rescission and damages) in the state suit. Nothing in that opinion even remotely suggests that a state court could not consider a 1934 Act violation by way of a defense to a state claim and in fact state courts have done so. See, e. g., *Gregory-Massari, Inc.* v. *Purkitt*, 1 Cal.App.3d 968, 82 Cal.Rptr. 210 (1969).

4. Nothing in *Skelly*, of course, precludes federal jurisdiction over claims for declaratory relief. Rather the thrust of *Skelly* is that jurisdiction must be determined without regard to the procedural possibilities made available by the Declaratory Judgment Act. Thus, although a suit for declaratory relief by a putative defendant on the basis of an anticipated federal defense would not be permitted, jurisdiction over a suit, by a putative plaintiff, seeking a declaration that he was entitled to affirmative relief on the basis of federal law would be proper. See, e. g., *J. I. Case Co.* v. *Borak*, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964).

"To sanction suits for declaratory relief as within the jurisdiction of the District Courts merely because, as in this case, artful pleading anticipates a defense based on federal law would contravene the whole trend of jurisdictional legislation by Congress, disregard the effective functioning of the federal judicial system and distort the limited procedural purpose of the Declaratory Judgment Act."

Since the twelve plaintiffs here in issue seek neither damages, rescission, nor a declaration that they are entitled to these remedies but merely seek a declaration that they have federal defense to state contract actions which have been or will be brought by Shaw, Hooker & Co., their claims must be dismissed. Accordingly,

It is hereby ordered that defendant Shaw, Hooker & Co.'s motion to dismiss the claims of Francisco Centurion III, Francisco Centurion IV, William Mott III, Charles C. Reeves; Joseph Q. Zumwalt, Deborah Walters, William H. Mott, Jr., Victoria Belcher, Judi Johnston, George Richardson, Bobby L. White, and Vincent Morvillo is granted.